**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1205
_____

NIKOLE BROWN;
DAVID STRATTON, h/w,
Appellants

v.

MORAN FOODS,  INC.,
doing business as Sav-A-Lot, LTD.;
SUPERVALU, INC.,
doing business as Sav-A-Lot;
SAV-A-LOT, LTD.;
SAV-A-LOT STORE #253

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2:10-cv-02292)
District Judge:  Hon. R. Barclay Surrick
Submitted Pursuant to Third Circuit LAR 34.1(a)
January 15, 2013

Before:  SMITH, CHAGARES, and BARRY, <u>Circuit Judges</u>.

(Filed February 12, 2013)
_____

OPINION
_____


CHAGARES, <u>Circuit Judge</u>.

Plaintiff Nikole Brown appeals the District Court's order that denied her motion

for a new trial.  Brown's lawsuit arose from an incident at a Sav-A-Lot grocery store,

owned by defendant Moran Foods, Inc. ("Moran Foods"). She contends that, at trial, the District Court improperly admitted evidence of a prior conviction in violation of Federal Rule of Evidence 403. For the reasons that follow, we will affirm the judgment of the District Court.

I.

We write for the benefit of the parties and recite only those facts essential to our disposition. On February 3, 2008, Brown was grocery shopping at a Sav-A-Lot store in Philadelphia, Pennsylvania. As she shopped, a plastic container fell from an overhead shelf and hit her on the head. In January 2010, Brown filed a complaint against Moran Foods (doing business as Sav-A-Lot) in the Court of Common Pleas of Philadelphia County. Her complaint alleged negligence and loss of consortium on behalf of Brown's husband, and sought damages. Moran Foods removed the case to the United States District Court for the Eastern District of Pennsylvania. The District Court denied Brown's motion to remand the matter to state court.

Before trial, Brown filed a motion in limine to bar admission of her 2004 guilty plea for endangering the welfare of a child. That conviction arose from an incident in which Brown left her son in the back of her car while she went shopping. The court denied the motion to exclude evidence of the conviction, concluding that the incident was "relevant to show prior cognitive problems," rebutted Brown's claim of memory loss resulting from the incident, and related to Brown's claim for damages, which included lost earnings. Appendix ("App.") 12 n.1.

2

The case proceeded to trial and the jury returned a verdict in favor of Moran Foods. Brown moved for a new trial on three grounds, only one of which she pursues in this appeal: the District Court erroneously admitted evidence of her 2004 guilty plea. The court denied the motion, reiterating its prior holding "that the probative value of the guilty plea was not substantially outweighed by the danger of unfair prejudice," and noting specifically that the 2004 plea was probative of Brown's alleged memory loss, cognitive difficulties, and ability to secure employment as a pediatric nurse. App. 7. The court also rejected Brown's argument that the court had erred in not giving a limiting instruction because Brown had never requested one.

II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction under 28 U.S.C. § 1291.

We review the denial of a motion for a new trial for abuse of discretion, though we will exercise plenary review over questions of law. Curley v. Klem, 499 F.3d 199, 206 (3d Cir. 2007). "'[P]articular deference' is appropriate where the decision to grant or deny a new trial rested on the district court's evidentiary ruling that itself was entrusted to the trial court's discretion." Becker v. ARCO Chem. Co., 207 F.3d 176, 181 (3d Cir. 2000) (quoting Bhaya v. Westinghouse Elec. Corp., 922 F.2d 184, 187 (3d Cir. 1990)). When we review evidentiary rulings based on Rule 403 objections, we afford the trial judge "substantial discretion" to strike the required balance and will reverse only if the judge's decision is "'arbitrary and irrational.'" McKenna v. City of Philadelphia, 582 F.3d 447, 461 (3d Cir. 2009) (quoting Bhaya, 922 F.2d at 187).

3

Rule 403 allows the trial court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Unfair prejudice may arise if evidence "influence[s] a jury to return a verdict based on a desire to punish for . . . other wrongs." Bhaya, 922 F.2d at 188. Parties seeking to exclude evidence under Rule 403 must meet a high threshold. To exclude relevant evidence, the objecting party must establish unfair prejudice that could "cloud[] impartial scrutiny and reasoned evaluation of the facts, [and] which inhibit[s] neutral application of principles of law to the facts as found." Ansell v. Green Acres Contracting Co., Inc., 347 F.3d 515, 525 (3d Cir. 2003) (third alteration in original) (quotation marks omitted). There is a "strong presumption" in favor of admission and "the probative value of evidence must be 'substantially outweighed' by the problems in admitting it" to justify exclusion. Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343-44 (3d Cir. 2002).

Though Brown appeals the District Court's denial of her motion for a new trial, her appeal centers on that court's denial of her motion in limine to exclude evidence of her 2004 conviction under Rule 403. In support of her argument, Brown emphasizes that she never testified that she "forgot" that her son was in the back of her car and that, as a result, the conviction had no bearing on her alleged cognitive impairment and inflicted unfair prejudice by injuring her character before the jury.

Brown rightly observes that she never testified that she forgot her son in the car. Regardless, it was not an abuse of discretion for the District Court to conclude that the

4

incident was probative of her alleged cognitive impairment and future earning capacity as a pediatric nurse, two matters at the heart of Brown's claim for damages.[1] While we recognize that an incident involving a charge of child endangerment may carry a particular risk of prejudice, the incident that triggered Brown's lawsuit involved a falling container in a grocery store — a matter wholly unrelated to Brown's ability to care for children. Brown has not established that the admission of potentially prejudicial evidence with respect to the question of damages clouded the jury's ability to evaluate impartially the separate issue of negligence. We agree that the probative value of the evidence was not substantially outweighed by any potential prejudice and therefore conclude that the District Court did not abuse its discretion when it denied Brown's motion in limine and motion for a new trial.[2]

## III.

For the reasons expressed above, we will affirm the District Court's denial of Brown's motion for a new trial.

---

[1] The jury never reached the issue of damages because it found for Moran Foods on the question of liability.

[2] Brown contends that the District Court erroneously held that she waived her objection to admission of her prior conviction by failing to request a limiting instruction. The District Court did not conclude that Brown had waived her right to object to admission of the 2004 incident. Instead, the court rightly concluded that Brown had, by declining to request a limiting instruction, waived her right to claim error arising from the absence of a limiting instruction. See United States v. Shavers, 693 F.3d 363, 392 (3d Cir. 2012) (finding no reversible error in District Court's failure to give limiting instruction when the record did not indicate that counsel had requested one).